IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICTION OF MARYLAND

| | | |
|---|---|---|
| JASON R. BECK | : | |
| | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-12-2897 |
| | : | |
| | : | |
| TECH USA, LLC *et al.* | : | |

**MEMORANDUM**

Plaintiff Jason R. Beck filed this suit against defendant TECH USA, LLC and its CEO (collectively, "TECH"), alleging breach of contract and breach of fiduciary duty. Beck alleges that he signed a settlement and release agreement ("letter") related to allegations of sexual harassment "under duress" and that he was wrongly terminated and denied severance benefits under his original 2005 employment contract. (*See* Compl. ¶¶ 32, 38-39). Although the rest of the contract expired in 2010, its severance provision survives for 25 years. (Compl. ¶ 14). TECH has filed a motion to dismiss or stay pending arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. For the reasons set forth below, this action will be stayed and administratively closed, pending arbitration between the parties.

The FAA directs federal courts, "on application of one of the parties[,]" to stay proceedings "brought . . . upon any issue referable to arbitration under an agreement in writing for such arbitration[.]" *Id.* TECH points to Paragraph 3(i) of the contested letter which extends "as is" Section 13(i) of Beck's 2005 contract. Section 13(i) states, in relevant part:

> Excepting only [certain legal actions], any and all grievances, disputes, controversies, causes of action, and any and all other claims of any nature whatsoever, whether arising in contract, under statute, in tort, or otherwise between [Beck] and [TECH] . . . must first be addressed and fully negotiated by [the parties] in a face-to-face meeting in Maryland, and then, if that meeting does not resolve any and all Claims . . . any unresolved claims shall be submitted to

1

mediation to occur in Maryland pursuant to the then-prevailing American
Arbitration Association Employment Dispute Resolution Rules . . .

(Defs.' Mot., ECF No. 3-1, at 2). Beck does not dispute that he entered into the letter agreement with TECH on May 9, 2012. (Beck Decl., ECF No. 6-1, ¶ 11). Accordingly, under the FAA, Beck's claims are issues referable to arbitration under his written agreement with TECH and TECH's application for a stay of this action is proper, pending such arbitration.[1]

Beck argues that because he was coerced into signing the letter, it was based on fraud, there was no consideration, the arbitration provision is unconscionable, and TECH has breached the terms of the letter, the arbitration agreement contained in the letter is unenforceable.[2] Beck fails to distinguish, however, between arguments attacking the validity of the letter agreement as a whole and ones that attack only the validity of the arbitration provision itself. *See Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 607 (4th Cir. 2013) (courts assessing the validity of arbitration agreements must not "'stray[] into the prohibited morass of the merits of the claims' by looking to the parties' obligations (and their potential breach) underlying the lawsuit itself") (quoting *Cheek v. United Healthcare of Mid-Atlantic, Inc.*, 835 A.2d 656, 665 (Md. 2003)). It has long been established that "in passing upon a § 3 application for a stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400-404 (1967)

---

[1] Although some Fourth Circuit authority suggests dismissal may also be proper where "all of the issues presented . . . are arbitrable[,]" the court has determined that a stay is appropriate, given the nature of the agreements in this case. *See Aggarao v. MOL Ship Management Co., Ltd.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012) (citation omitted).

[2] Beck erroneously frames TECH's motion as one to compel arbitration under 9 U.S.C. § 4. Such a motion requires a different standard of review than an application to stay pending arbitration under § 3, and TECH's application is properly assessed under the latter standard. Under the proper standard, all that a party must show is that "a valid agreement to arbitrate exists between the parties and covers the matter in dispute[.]" *See Aggarao*, 675 F.3d at 376 (quoting *Hooters of America, Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999)).

("[A] claim of fraud in the inducement of the contract generally—as opposed to the arbitration clause itself—is for the arbitrators and not for the courts[.]"); *see also Noohi*, 708 F.3d at 609 (under Maryland law, courts may not "look outside" the arbitration provision in determining whether it was supported with adequate consideration). Thus, while Beck may have valid claims that the May 2009 letter settlement agreement is, as a whole, unenforceable or invalid, his arguments attack the *entire* agreement, not the arbitration provision itself. In fact, because the arbitration provision of the letter was merely an extension of the provision contained in Beck's 2005 employment contract, which Beck vigorously argues supports many of his claims (although both parties agree it had mostly expired in 2010), Beck cannot plausibly assert that the arbitration provision itself was somehow coerced, fraudulent, or unconscionable. He willingly entered into an identical arbitration provision in 2005.

Straining to interpret Beck's arguments within this framework, his only argument that specifically attacks the validity of the arbitration provision, on its own, is that it lacks consideration or is unconscionable because it "required [Beck] to arbitrate any and all claims that he may have against TECH USA, while TECH is only limited to arbitrating a narrow portion of the claims that it may potentially have against Beck." (Pl.'s Opp., ECF No. 6, at 12). While an arbitration provision that only binds one party may be invalid for a lack of "mutuality of consideration[,]" *see Noohi*, 708 F.3d at 610-11, the provision here unambiguously binds both parties to "any and all" claims between them, no matter which party initiates the claim. (ECF No. 3-1 at 2). Although the scope of the exceptions contained in the provision were not presented in full to the court, the fact that Beck had earlier entered into an identical provision in his 2005 contract, and the mutuality of obligation and benefit between the parties on the face of the provision, counsel against any finding that the arbitration provision itself is invalid or

unconscionable. In short, Beck has not persuaded the court that his agreement to arbitrate with TECH is, on its own and apart from his overall claims against TECH, unenforceable, and this action will be stayed pending arbitration.

A separate Order follows.

     3/29/13                                                   /s/
Date                                                        Catherine C. Blake
                                                               United States District Judge